FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 0 6 2012

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**ANDREW BUSCH**
**in his individual capacity and**
**on behalf of all others similarly**
**situated**

This case assigned to District Judge _Marshall_
and to Magistrate Judge_____ _Kay_

**PLAINTIFF**

v.                    Case No. 4·12 cv 77 DPM

**WAL-MART STORES ARKANSAS LLC,**
**WAL-MART ASSOCIATES, INC. and**
**WAL-MART STORES, INC.**

**DEFENDANTS**

## COMPLAINT

**Summary**

1. This is an employment / civil rights class action suit and individual

lawsuit involving discrimination on the basis of age, disability, and criminal

history.

## Parties, Jurisdiction, and Venue

2. The Plaintiff is over sixty years old, disabled within the meaning of the Arkansas Civil Rights Act and the Americans with Disabilities Act, an individual, and a resident of Bentonville, Arkansas.

3. The Defendants are Delaware corporations headquartered in Bentonville, Arkansas. All three are being named in an abundance of caution, as the Plaintiff wants to make sure he sues the appropriate entity(ies); the confusion arises from the fact that Wal-Mart uses different entities for different roles in the employment relationship. Wal-Mart used different entities to respond to the EEOC complaint, pay Plaintiff his wages, and complete Plaintiff's Exit Interview upon his termination. These three entities are are subject to general personal jurisdiction in this judicial district and division. Venue is proper under 28 U.S.C. § 1391(c). Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1332.

## Facts and Background

4. Wal-Mart used to employ the Plaintiff. Wal-Mart wrongfully fired the Plaintiff in March 2011. Plaintiff filed a complaint with the EEOC. Plaintiff's concerns are at Exhibit A, which is incorporated herein as if set forth word for word.

5. The EEOC charging documents are at Exhibit B.

6. The EEOC investigated and issued a right to sue letter. That is at Exhibit C.

7. Wal-Mart discriminated against the Plaintiff on the basis of age, disability, and Title VII.

8. Plaintiff brings these individual counts:

   8.1.   Count One — Age Discrimination (ADEA)

   8.2.   Count Two — Disability Discrimination (ADA and Ark. Civ. Rights Act)

   8.3.   Count Three — Criminal History Discrimination (Title VII, ADEA, ADA, and Ark. Civil Rights Act), based on Wal-Mart's policy of firing / refusing to hire anyone with a criminal background. This policy should be declared illegal and Wal-Mart should be enjoined from enforcing the policy.

9. Further, Plaintiff brings this as a class action.

   9.1.   The class is so numerous that joinder of all members is impracticable. It is believed that the number of members would be measured in the thousands or tens of thousands.

9.2.   There are questions of law or fact common to the class, *i.e.*, is it legal for Wal-Mart to have a policy that will fire or not hire any person with a criminal background.

9.3.   The claims or defenses of the representative parties are typical of the claims or defenses of the class, i.e., Wal-Mart's defense of its policy will be same as against all members of the class as it will be against the Plaintiff.

9.4.   Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has a legal education and is quite familiar with the nuances of the issues in this matter.  Plaintiff's counsel will also adequately represent the interests of the class.  Plaintiff's counsel has prior experience in successfully prosecuting class action lawsuits, *see Van Buren School District v. Jones*, 232 S.W.3d 444 (Ark., 2006), and has prior experience with civil rights actions against Wal-Mart, *see Huber v. Wal-Mart Stores, Inc.*, 486 F.3d 480 (8th Cir., 2007), *cert. granted*, U.S. Sup. Ct. 07-480.

10.  A class action is also appropriate because prosecuting separate actions by or against individual class members would create a risk of:

**Complaint, page 4 of 6, plus Exhibits A, B, and C**

10.1. inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; and

10.2. adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

11. Wal-Mart has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

12. In this case, the questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

WHEREFORE, Plaintiff prays for the relief sought herein, including compensatory damages, back pay, front pay, reinstatement, pre- and post-judgment interest, attorney's fees, costs, declaratory and injunctive relief, and such as other remedies as allowed by law.

Friday, February 3, 2012

Brian Meadors, Amanda Meadors
MEADORS LAW FIRM, PLLC
4909 Free Ferry Rd; P.O. Box 1059
Fort Smith, AR 72902-1059
479-285-6809;  479-431-6950 (fax)
brian@meadorslawfirm.com
mandy@meadorslawfirm.com

Brian Meadors, Arkansas Bar No. 2001186
Amanda Meadors, Arkansas Bar No. 2008005

**Complaint, page 6 of 6, plus Exhibits A, B, and C**

March 25, 2011

To: EEOC Little Rock Office

Wal-Mart hired me in July 2008 as an ASC Manager.  My job duties included reviewing requests for accommodation made by Wal-Mart associates and determining what, if any, relief would be granted.  Wal-Mart terminated me on February 4, 2011, based upon a six year old misdemeanor conviction I believe Wal-Mart's decision to terminate me was motivated by unlawful discriminatory animus.

In 2005 I pled guilty to a single misdemeanor count of failing to timely file a tax return.  The elements of that offense are: 1). having a tax return that is due and owing; 2). failing to timely file the return and; 3). acting "willfully."  The term willfully as used in this context is defined as "knowingly and intentionally."  Simply put, I did not file my taxes on time.  I did not evade my tax obligation, nor did I commit a crime of fraud of violence.  But I was told by Wal-Mart on February 4, 2011, that I was being fired for failing to disclose a fraud conviction on my job application.

I appealed Wal-Mart's termination decision using the Company's "Open Door" process.  During that process I provided a statement, setting forth the following facts:

I am 61 years old - 10 to 15 years older than the other associates in my group (including my supervisor). I have been diagnosed with severe recurrent depression, chronic pain disorder and attention deficit disorder. I also have problems with my vision and bilateral carpel tunnel. My age, as well as my physical and mental issues, was common knowledge among the members of my team - and each of -these issues were the subject of comments and jokes on almost a daily basis.

With respect to my medical issues, I specifically recall a teammate commenting that I should bring a wheel barrel with me on a trip to the pharmacy to help me carry all of my medications back to my desk. One team member remarked, on several occasions, that 5% of the Company's insured's used 90% of the benefits. Finally, I was told that I was more likely to grant accommodations than my other team members since I had so many disabilities.

With respect to my age, I recall a teammate referring to me as being "older than dirt," and stating that if he were my age, he would retire. Another associate told me that I should park my car at Store 100 (Across the street from the Wal-Mart Home Office where I worked) and take one of the store's electric scooters to work so I could get around the office better.

While I do not believe these statements were made with malice, my supervisor never discouraged the conduct or intervened in any way. It wasn't until my supervisor resigned and I applied for her job that I began to consider the possibility that management did not believe a person of my age, in my condition, should advance, or even remain with, the Company. It was at that time that HR, without forewarning, called me to a meeting in a small room away from my work area and confronted me with a six-year old misdemeanor conviction, accused me of lying on my job application, then fired me.

**Exhibit A, page 1 of 4**

I was told that the conviction was brought to light through an anonymous tip to the Ethics Office; however, I find the timing, and the source, suspicious. Moreover, contrary to HR's claim, I did not lie on my job application. The application I completed asked if I had ever been convicted of a crime of fraud, theft or violence. My conviction was for failing to timely file a tax return. Fraud is not an element of that offense, nor is it a crime of theft or violence. I honestly and accurately answered "no" to the question on my application. There is no legal or factual basis to conclude otherwise.

While HR adamantly clung to its position that I failed to disclose a conviction for a crime of fraud on my job application during my Exit Interview, its position became unclear after I appealed the decision through the Company's "Open Door" process. In an email upholding my termination, Wal-Mart failed to explain how it could conclude that failing to timely file a tax return was a crime of fraud. Instead, the Company shifted its focus to what it apparently believed was a more tenable position, specifically, that I intentionally withheld information on my FCRA authorization form. That issue, which merited nothing more than a passing mention during my Exit Interview, had now become the primary reason for my termination. Wal-Mart's failure to offer any facts to support its contention that I committed a crime of fraud and lied on my application, combined with its shifting explanation for my termination, reinforced my suspicion that I was being discriminated against, whether because my age or disability through use of a criminal history having nothing to do with my ability to perform my job.

After I received a conditional offer of employment in 2008, I was asked to complete an FCRA form which authorized Wal-Mart to investigate my criminal history. As I stated earlier, I suffer from ADD and my vision is subpart, even with corrective lenses. At the time I was completing the FCRA form, I was also being asked to review, execute and complete a multitude of other documents that I was unfamiliar with. I had been self employed for 30+ years and had not applied for employment elsewhere throughout that period of time. In addition, I was told that I would have to take a drug test before the close of business that day. Difficulty focusing and the inability to multi-task are two of the hallmarks of ADD. And although I can usually manage, the circumstances of that process must have gotten the better of me, because I failed to respond to a question on the FCRA form. Specifically, I failed to respond to a question regarding criminal convictions. I did, however, sign the form.

By executing the FCRA form, I authorized Wal-Mart to investigate my criminal history. Since I had no reason to believe that my misdemeanor conviction would not be discovered during the investigation, I had no reason to intentionally omit that information from the form. Wal-Mart's claim that I intentionally provided false information in that document is illogical. First, because I did not provide false information, but simply missed a question. Second, because I had no reason to believe that failing to disclose that information would be to my benefit. My misdemeanor conviction for failing to timely file a tax return has no bearing on my ability to perform my job as an ASC Manager and, as a result, I had no reason to believe it would be considered by Wal-Mart when it was making the decision to hire me. Finally, as I've already stated, I had no reason to believe that Wal-Mart would not discover the conviction and I did not I realize it failed to do so until I was confronted by HR, accused of lying and fired.

But if the omission was as critical as Wal-Mart now claims, I question why it was not pointed out to me in 2008. Had Wal-Mart brought the issue to my attention then, I would have responded to the question and disclosed my conviction. Certainly the HR professional who took the paperwork from me reviewed it as she input the information into Wal-Mart's computer system. Yet now Wal-Mart tells me, if they had been aware of my conviction in 2008, I would not have been hired (which I question, because as I stated above, in order to be considered, my conviction would have had to be related to my ability to perform the position for which I was hired). I have asked Wal-Mart to provide the documents it claims it relied upon when making that statement (the adjudication rules), but it has steadfastly refused. If I had waited and applied today, I am told, I would be considered for a job. As it stands now, however, on the alleged basis of my discharge I am permanently ineligible for a job at Wal-Mart. Moreover, I will be forced to disclose Wal-Mart's

Exhibit A, page 2 of 4

explanation for my termination to any perspective employer. Under these circumstances, the chances of me obtaining a job are next to zero. If I made a mistake, so did Wal-Mart and, under the circumstances, termination is not an equitable outcome.

According to Wal-Mart's background check policy, only an associate who intentionally provides false information on the FCRA form may be subject to discipline. Again, I did not provide false information. I inadvertently omitted information. I made a mistake. As an attorney, I know how important it is to draft documents in a manner that leave no room for interpretation or doubt. Since Wal-Mart's legal department drafts its policies, I'm confident that it understands that concept as well. Consequently, had Wal-Mart intended an omission to be an act subject to discipline, the policy would have been drafted differently. Specifically, it would have clearly set forth the consequence of an omission. Instead, the policy as written provides that **only** an associate who **intentionally provides false information** is subject to discipline. This wording ensures that only intentional misconduct, conduct that does not require Wal-Mart to speculate or to assume bad faith on the part of an associate, will be subject to discipline. By (incorrectly) speculating that I was motivated to omit I am 61 years old - 10 to 15 years older than the other associates in my group (including my supervisor). I have been diagnosed with severe recurrent depression, chronic pain disorder and attention deficit disorder. I also have problems with my vision and bilateral carpel tunnel. My age, as well as my physical and mental issues, were common knowledge among the members of my team - and each of these issues were the subject of comments and jokes on almost a daily basis.

In sum, Wal-Mart claims it was not the conviction, but my alleged "falsification of employment documents" that led to my termination. But the facts do not support that claim. Having never been convicted of a crime of fraud, theft or violence, I accurately responded to the questions on my employment application. Finally, my inadvertent failure to respond to a question on the FCRA form is, likewise, not a plausible reason for my termination. It appears that Wal-Mart is attempting to disguise its discriminatory animus by proffering illogical and inconsistent reasons for firing me.

Wal-Mart claims it considered my statement and conducted an additional investigation into my allegations. After several weeks, I was informed that the termination decision would stand and that my allegations of discrimination could not be substantiated. I am asking the Commission for an objective review of Wal-Mart's decision. In making that request, I specifically allege (in addition to the information above) that Wal-Mart's decision to consider a misdemeanor conviction that has no reasonable relationship to the position I was hired to perform is a violation of the law. Moreover, based upon my conversation with HR at the time of my termination, I have reason to believe that Wal-Mart does not perform an individualized analysis when considering criminal convictions. The HR associate who advised me of my termination (Lisa Binger) referred to a document called the "Adjudication Rules," which was apparently relied upon by Wal-Mart when it made the decision to fire me.   Based upon my understanding of the law and Wal-Mart's practice, I believe the use of the "rules" is a per se violation of the law. As a result, I believe that Wal-Mart is engaging in a pattern and practice of discrimination against a class of individuals similarly situated to myself. Additionally, I believe Wal-Mart has discriminated against me because of my age and my disabilities.

To aid the Agency in its review of my complaint, I would ask that it request and obtain the following:

> 1.) A complete copy of any files maintained by Wal-Mart and referencing me or my employment with the Company.
>
> 2.) All documentation, notes, recordings or other items in the possession or under the control of Wal-Mart regarding the alleged anonymous tip which led to my termination.
>
> 3). Copies of all policies, instruction or training manuals in effect at the time of my hiring referencing "falsification of employment documents" and any amendments thereto.

Exhibit A, page 3 of 4

4.) Copies of the "Adjudication Rules" in effect at the time of my hiring by Wal-Mart and any amendments thereto.

5.) Copies of all studies and statistical analyses utilized by Wal-Mart in the development of its Adjudication Rules.

6.) All documentation, notes, recordings or other items obtained in any investigation by Wal-Mart related to the termination of my employment, including, but not limited to, "Open Door" and "Red Book" investigations.

7.) The names, addresses and phone numbers of any individual hired by Wal-Mart who left any portion of the FCRA form blank.

In addition, I would ask that you interview the following individuals, all of whom have relevant information regarding my claim:

1.) Gisel Ruiz;

2.) Ruben Perez;

3.) Lisa Binger;

4.) Shannon Letts;

5.) Ronetta Francis.

Although Ms. Francis is an attorney, I believe Wal-Mart waived any privilege that may have existed with respect to advice she gave regarding my termination when I was provided with a copy of a privileged communication (attached).

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 493-2011-00690 |

| | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Mr. Andrew E. Busch** | **(479) 596-9165** | **05-27-1949** |

| Street Address | City, State and ZIP Code |
|---|---|
| **10900 Heartstone, Bentonville, AR 72712** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **WAL MART** | **Over 500** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **702 S.W. 8th Street, Bentonville, AR 72712** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN

☐ RETALIATION ☒ AGE ☒ DISABILITY ☐ GENETIC INFORMATION

☒ OTHER (Specify) *Criminal history*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **02-04-2011** Latest **02-04-2011**

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired July 8, 2008, as an Accommodation Services Manager. After being selected for the position and during the hiring process, I was given a lot of documents to complete in a rushed manner. I have never been convicted of fraud, theft, or violence and I annotated my application as such. I authorized a criminal history check on a FCRA form during hire. I interviewed for a promotion in 2011 and learned that an anonymous tip was made to the Ethics Office mentioned a conviction—I failed to file a 2005 tax return. I was discharged on February 4, 2011. I have been granted multiple accommodations. I have endured age-related comments from younger coworkers, but my supervisor who has heard the comments failed to curtail them. I also take a large *numbers* of medications and coworkers frequently made jokes about ~~their usage, too~~. *my use of them.*

I was told that I did not disclose a conviction for a crime of fraud on my application. I was also told that any applicant who does not complete an entire form is discharged.

I believe I was denied a promotion and discharged because of my disabilities in violation of the Americans with Disabilities Act of 1990, as amended, and because of my age (61) in violation of the Age Discrimination in Employment Act of 1967, as amended. *I was terminated b/c of my criminal history in violation of Title VII*

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 04/20/11 *[signature]*<br>Date      Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

**Exhibit B, page 1 of 2**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | a AMENDED<br>493-2011-00690 |
| | | and EEOC |

RECEIVED APR 22 2011 U.S. EEOC LRAO

_State or local Agency, if any_

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Mr. Andrew E. Busch** | **(479) 596-9165** | **05-27-1949** |

Street Address
**10900 Heartstone, Bentonville, AR 72712**        City, State and ZIP Code

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **WAL MART** | **Over 500** | |

Street Address
**702 S.W. 8th Street, Bentonville, AR 72712**        City, State and ZIP Code

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address                                        City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☒ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☒ OTHER (Specify) *Criminal history*

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| **02-04-2011** | **02-04-2011** |

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired July 8, 2008, as an Accommodation Services Manager. After being selected for the position and during the hiring process, I was given a lot of documents to complete in a rushed manner. I have never been convicted of fraud, theft, or violence and I annotated my application as such. I authorized a criminal history check on a FCRA form during hire. I interviewed for a promotion in 2011 and learned that an anonymous tip was made to the Ethics Office mentioned a conviction—I failed to file a 2005 tax return. I was discharged on February 4, 2011. I have been granted multiple accommodations. I have endured age-related comments from younger coworkers, but my supervisor who has heard the comments failed to curtail them. I also take a large amount of medications and coworkers frequently made jokes about ~~their usage, too~~. my use of them. Numbers

I was told that I did not disclose a conviction for a crime of fraud on my application. I was also told that any applicant who does not complete an entire form is discharged.

I believe I was denied a promotion and discharged because of my disabilities in violation of the Americans with Disabilities Act of 1990, as amended, and because of my age (61) in violation of the Age Discrimination in Employment Act of 1967, as amended. I was terminated b/c of my criminal history in violation of Title VII

I was subjected to a hostile work environment in violation of T7/ADEA

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 04/20/11            _Andrew E. Busch_<br>Date            Charging Party Signature  **Exhibit B, page 2 of 2** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EEOC Form 161 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Andrew E. Busch
10900 Hearthstone
Bentonville, AR 72712

From: Little Rock Area Office
820 Louisiana
Suite 200
Little Rock, AR 72201

[ ] On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 493-2011-00690 | Rodney E. Phillips, Investigator | (501) 324-6473 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

William A. Cash, Jr.,
Area Office Director

11-14-2011
*(Date Mailed)*

Enclosures(s)

cc: Scott A. Forman
Shareholder
WAL MART STORES INC
c/o Littler Mendelson PC, 1 Biscayne Twr
2 S Biscayne Blvd, Suite 1500
Miami, FL 33131

**Exhibit C, page 1 of 1**