IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ANDREW BUSCH                                                    PLAINTIFF

v.                              Case No. 5:12-CV-05079

WAL-MART STORES, INC.                                          DEFENDANT

### OPINION AND ORDER

Currently before the Court are a Motion for Summary Judgment (Doc. 61) and supporting documents (Docs. 62 and 63) filed by Defendant Wal-Mart Stores, Inc. ("Walmart"). Plaintiff Andrew Busch ("Mr. Busch") has filed a Response in Opposition (Doc. 64) and supporting documents (Doc. 65 and 66), to which Walmart has replied (Doc. 69). For the reasons stated herein, Walmart's Motion for Summary Judgment is GRANTED.

### I.    BACKGROUND

This lawsuit arises from Mr. Busch's allegations of employment discrimination against his former employer, Walmart. Mr. Busch originally filed a class action Complaint (Doc. 1) in the Eastern District of Arkansas on February 6, 2012, after exhausting his administrative remedies through the Equal Employment Opportunity Commission ("EEOC") and receiving his right-to-sue letter. (Doc. 52-2).[1] Mr. Busch initially alleged that he was denied a promotion and terminated because of his age, disability, and criminal background in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, the Arkansas Civil Rights Act ("ACRA"), Ark. Code Ann. § 16-123-101 *et seq.*, the

---

[1] The case was subsequently transferred to the Western District of Arkansas.

Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*, and Title VII. Mr. Busch later amended his Complaint (Doc. 20) on April 12, 2012, and subsequently filed a Second Amended Complaint (Doc. 35) on July 13, 2012, in which he dropped all claims except for his individual termination claim under the ADA and ACRA. Mr. Busch then filed a Third Amended Complaint (Doc. 52) on June 20, 2013, alleging a failure to accommodate under the ADA in addition to the termination claim. Walmart contends that Mr. Busch was discharged for a legitimate, non-discriminatory reason, namely that Mr. Busch failed to disclose that he had a criminal background in his employment records.

On April 8, 2008, Mr. Busch completed an employment application with Walmart, answering "no" to the questions "Have you ever been convicted of a felony?" and "Have you ever been convicted of any type of theft or fraud or a violent crime?"(Doc. 61-10). Mr. Busch's offer letter, dated June 27, 2008 (Doc. 61-13), provided that the offer of employment was conditioned upon passing a drug screen test and a background check. On that same day, Mr. Busch signed a Fair Credit Reporting Act Authorization Form ("FCRA Form"), which stated that: "Your offer of employment is contingent upon the successful completion of a drug test as well as a criminal background check. If as a result of these contingencies you are determined to be 'not competitive' the offer of employment will be withdrawn." (Doc. 61-14). Mr. Busch accepted the offer of employment and was hired by Walmart's Home Office as an Accommodations Services Manager ("ADA Manager") on or about July 14, 2008.

Mr. Busch signed the FCRA Form, but failed to disclose that he had pleaded guilty to one count of knowingly and willfully failing to file a federal tax return, a misdemeanor,

in the United States District Court for the District of Kansas, where he was sentenced to three years probation on August 25, 2005.  As a result of this conviction, Mr. Busch, who was also a licensed attorney, was suspended from the practice a law for a six month period by the Kansas Supreme Court on October 17, 2008. *In re Matter of Andrew E. Busch*, 287 Kan. 80, 87 (Kan. S. Ct. 2008).

Mr. Busch admits that when filling out his employment documents, he left the section on the FCRA Form with the heading "Criminal Convictions,"—which included misdemeanors—blank.  Walmart performed a criminal background check on Busch, but because the background check searched for state crimes and not federal crimes, the federal misdemeanor conviction he failed to disclose was not discovered until after Mr. Busch was employed.

Walmart's Global Investigations Unit received a complaint on January 14, 2011, from a Walmart Associate who wished to remain anonymous.  This Associate reported that Mr. Busch was a convicted felon and may have lied on his employment application.  An investigation was opened on January 17, 2011 and Lisa Binger, Senior Human Resources Manager for Mr. Busch's business unit, and Clara Flinn, Mr. Busch's supervisor, interviewed him regarding his failure to disclose the conviction.   On February 4, 2011, Mr. Busch was terminated for falsification of employment records.

Thereafter, Mr. Busch made separate "Open Door" requests to Shannon Letts, Vice president of Store Innovations, and Gisel Ruiz, Executive Vice President of People, requesting that his termination be reversed.  Mr. Busch alleged that his termination was due to discrimination based upon his age and disabilities.  Walmart Global Investigations Unit conducted an investigation of the allegations, including interviews of Mr. Busch, his

-3-

supervisor, and co-workers, and concluded that his claims could not be substantiated (Doc. 61-20, pp. 15-31).

Mr. Busch asserts that he did not disclose the misdemeanor conviction on his employment documents because the conviction was not a theft, fraud, or a violent crime. He further contends that failure to disclose this conviction on the FCRA Form was a mere omission and not intentional and does not amount to falsification under Walmart's policy regarding background checks on the FCRA Form. The applicable language is as follows:

> Associates who attempt to bypass a background check in connection with any applicant or Associate at Wal-mart, may be subject to disciplinary action *up to and including termination.* Applicants who intentionally provide false information will not be eligible for hire.

Doc. 64-1, pp. 1-2. (Emphasis added).

Mr. Busch asserts that major depressive disorder and attention deficit/hyperactivity disorder caused him not to complete his employment documents. According to his doctor, he has "difficulty concentrating and is easily distracted." (Doc. 64-16). He contends that a jury could find that the same mental impairment that led to his misdemeanor conviction for failure to file income taxes also led to his failure to complete the "Criminal Convictions" section of the FCRA Form he filled out when he was first offered employment at Walmart. Mr. Busch also argues that because Walmart eventually became aware of his psychological impairments, it should have considered whether these impairments impacted his ability to complete the FCRA Form at the time of hiring. Further, Mr. Busch maintains that, rather than simply firing him for failing to disclose his criminal history, instead Walmart should have attributed this failure to complete the FCRA Form to his disability and given

-4-

him the "reasonable accommodation" of overlooking his failure to disclose and allowing him to keep his job. (Doc. 66, pp. 12-14).

In spite of his disabilities, Mr. Busch worked for Walmart for nearly two and a half years and was rated as "on target" in performance evaluations. (Doc. 61-18; 61-19).  Mr. Busch admits that he requested and was granted several accommodations for his disabilities after he was hired. These accommodations included the provision of a second computer monitor, a program that converted his dictation into typed pages, and being moved away from a disruptive co-worker.

Walmart's position is that Mr. Busch cannot establish a prima facie case of disability discrimination and that his termination was based upon legitimate, non-discriminatory reasons.  Further, Walmart argues that Mr. Busch's failure to accommodate claim is untimely and fails to state a claim upon which relief can be granted; and therefore, should be dismissed.  In response, Mr. Busch argues that firing a good employee for failure to disclose a misdemeanor criminal conviction that happened years earlier smells of pretext when Walmart was aware that Busch had mental limitations that likely affected his ability to complete the employment documents.


## II.   LEGAL STANDARD

The standard of review for summary judgment is well established.  Under Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The Court must review the facts in the light most favorable to the opposing party and give that party the benefit of any inferences that logically can be

drawn from those facts.  *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1212–13 (8th Cir.
1997).  The moving party bears the burden of proving the absence of a genuine dispute
of material fact and that it is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P.
56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986);
*Nat'l. Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir.
1999).  Once the moving party has met its burden, the non-moving party must "come
forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475
U.S. at 587 (quoting Fed. R. Civ. P. 56(c)).  In order for there to be a genuine issue of
material fact, the non-moving party must produce evidence "such that a reasonable jury
could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d
64, 66 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).
"The nonmoving party must do more than rely on allegations or denials in the pleadings,
and the court should grant summary judgment if any essential element of the prima facie
case is not supported by specific facts sufficient to raise a genuine issue for trial." *Register
v. Honeywell Fed. Mfg. & Techs., LLC*, 397 F.3d 1130, 1136 (8th Cir. 2005) (citing *Celotex
Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

      "While employment discrimination cases are often fact intensive and dependent on
nuance in the workplace, they are not immune from summary judgment, and there is no
separate summary judgment standard for employment discrimination cases." *Fercello v.
Cnty. of Ramsey*, 612 F.3d 1069, 1077 (8th Cir. 2010).  A plaintiff can survive summary
judgment on a disability discrimination claim "either by providing direct evidence of
discrimination or by creating an inference of unlawful discrimination" using circumstantial
evidence.  *Bone v. G4S Youth Servs., LLC*, 686 F.3d 948, 953 (8th Cir. 2012).  When a

plaintiff relies on circumstantial evidence to prove discrimination based on disparate treatment, the claim is analyzed using the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Rahlf v. Mo-Tech Corp.*, 642 F.3d 633, 637 (8th Cir. 2011) (citations omitted). Under this framework, "the plaintiff initially has the burden to establish a prima facie case of discrimination." *Ramlet v. E.F. Johnson Co.*, 507 F.3d 1149, 1153 (8th Cir. 2007). Once this burden is met, a rebuttable presumption of discrimination arises. *Id.* The burden then shifts to the defendant to offer a legitimate, non-discriminatory reason for the adverse employment action. *Id.* To demonstrate pretext, a plaintiff must present sufficient evidence to demonstrate both that the employer's articulated reason for the adverse employment action was false and that discrimination was the real reason. *Lors v. Dean*, 595 F.3d 831, 834 (8th Cir. 2010)(internal citation omitted). The plaintiff must do more than simply create a factual dispute as to the issue of pretext; he must offer sufficient evidence for a reasonable trier of fact to infer discrimination. *Id.*

## III.   DISCUSSION

Walmart argues that it is entitled to summary judgment because Mr. Busch has failed to present any evidence of material fact in dispute or any evidence from which a reasonable jury could conclude that he has established disability discrimination under the ADA and/or the ACRA as a motivating factor in Walmart's termination decision. Disability claims under the ACRA use the same principles employed in analyzing claims under the ADA. *Duty v. Norton-Alcoa Proppants*, 293 F.3d 481, 490 (8th Cir. 2002). Further, disability claims under the ADA and ACRA are analyzed under the burden shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Dovenmuehler v. St. Cloud Hosp.*, 509 F.3d 435, 439 n.9 (8th Cir. 2007).

To establish a prima facie case for disability discrimination, Mr. Busch must show that: (1) he is disabled or is regarded as disabled; (2) he is qualified to perform the essential functions of his job with or without reasonable accommodation; and (3) he suffered an adverse employment action because of his disability. *Pittari v. Am. Eagle Airlines, Inc.*, 468 F.3d 1056, 1061 (8th Cir. 2006)(internal citation omitted).

Assuming for summary judgment purposes that Mr. Busch is able to prove the first two prongs of his prima facie case, the Court finds that there is no genuine dispute of material fact as to whether Mr. Busch was subjected to an adverse employment action because of his disabilities. On the contrary, Mr. Busch has not demonstrated any factual relationship between his termination and his claimed disabilities. Mr. Busch, at best, merely speculates that his disabilities played a part in his termination. He offers no evidence in response to Walmart's substantial evidence to show that the impetus for his termination was for any reason other than Walmart's discovery of his failure to disclose his criminal conviction. Instead, Mr. Busch's sole argument is that because he was diagnosed with depression and adult attention deficit disorder, a jury could find that these conditions caused him not to complete his FCRA Form. This argument fails, however, and the fact remains that Mr. Busch has not met his burden to show that his disabilities were a motivating factor in his termination. Offering post-hoc rationalizations for his admitted behavior and attributing those excuses to his disabilities are insufficient to show that Walmart fired him because of his disability. To the contrary, Mr. Busch admits that he received any requests for accommodation.

Even assuming *arguendo* that Mr. Busch has made his prima facie case for disability discrimination, the burden would then shift back to Walmart to articulate a

-8-

legitimate, non-discriminatory reason for firing Mr. Busch.  As described above, Walmart presented significant proof that it fired Mr. Busch due to his falsification of employment records and not because of any disability.  To avoid summary judgment, Mr. Busch must meet proof with proof and present evidence that creates a genuine dispute of material fact as to whether Walmart's proffered reason is pretextual.  *Rahlf*, 642 F.3d at 638.  At this stage of the analysis, "the factual inquiry proceeds to a new level of specificity."  *Dammen v. UniMed Med. Ctr.*, 236 F.3d 978, 981 (8th Cir. 2001) (quoting *USPS Bd. of Governors v. Aikens*, 460 U.S. 711, 715 (1983)).  "One method of proving pretext is to show that the employer's proffered explanation has no basis in fact.**"** *Logan v. Liberty Healthcare Corp.*, 416 F.3d 877, 881 (8th Cir. 2005)(internal citation omitted).

Mr. Busch's arguments in favor of pretext are twofold.  First, he argues that because Walmart knew about his disabilities, they were a motivating factor in the decision to fire him.  He offers no evidence to support his theory.  Second, Mr. Busch argues that because Walmart was aware of his disabilities, it was obligated to "accommodate" him by overlooking his failure to truthfully report his criminal conviction on employment documents and instead attribute his omission to the disabilities.  Mr. Busch maintains—and Walmart does not disagree—that he worked for Walmart for nearly two and a half years and was rated as "on target" in his performance evaluations.  However, this fact does not support an argument that he was terminated for any improper reason, let alone an inference that his termination for failure to disclose his criminal background was pretextual.

After carefully considering Mr. Busch's pretext argument, the Court finds that it is without merit because it rests entirely on speculation and conjecture.  Mr. Busch argues that a jury could find "that Wal-mart was aware of Busch's mental impairments when it fired

-9-

him." (Doc. 66, p.6). Mr. Busch has offered only speculation to indicate that his disabilities played a role in the decision to terminate his employment. To the contrary, Mr. Busch admits that Walmart had provided his requested accommodations. Speculation, absent any proof, is simply insufficient to make his case. *Dammen v. UniMed Med. Ctr.*, 236 F.3d 978, 981 (8th Cir. 2001) (noting that an employer would still be entitled to judgment as a matter of law if the record conclusively revealed some other, nondiscriminatory reason for the employer's decision, or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred).

Mr. Busch offers excuses for his failure to disclose his criminal misdemeanor, and argues that Walmart should have known that his disabilities caused him to commit the crime, and subsequently caused him to accidently omit this information on his employment records. However, it is not the Court's role to engage in second-guessing Walmart's business decision to terminate Mr. Busch for an otherwise legitimate reason. "Federal courts do not sit as a super-personnel department that reexamines an entity's business decisions . . . . Rather, [the court's] inquiry is limited to whether the employer gave an honest explanation of its behavior." *Wilking v. Cnty. of Ramsey*, 153 F.3d 869, 873 (8th Cir. 1998)(citing *Harvey v. Anheuser-Busch, Inc.,* 38 F.3d 968, 973 (8th Cir. 1994). A court is empowered to decide on summary judgment whether there is sufficient evidence for a reasonable jury to infer that an employer's articulated reason for firing an employee is actually false and that discrimination was the true motivation. *Wilking,* 153 F.3d at 874. "When an employer articulates a reason for discharging [an employee] not forbidden by law, it is not [the court's] province to decide whether that reason was wise, fair, or even

correct, ultimately, so long as it truly was the reason for the [employee's] termination." *Treanor v. MCI Telecommunications Corp.*, 200 F.3d 570, 576 (8th Cir. 2000).

The Court finds that Walmart's termination of Mr. Busch was based upon a legitimate, non-discriminatory reason, and Mr. Busch has failed to produce sufficient evidence of pretext. Walmart has provided evidence that Mr. Busch was terminated for failure to disclose his misdemeanor conviction, and Mr. Busch has failed to respond with sufficient evidence from which a reasonable trier of fact could infer a discriminatory motive.

**IV.   CONCLUSION**

For the reasons set forth above, IT IS ORDERED that Defendant Wal-mart Stores, Inc.'s Motion for Summary Judgment (Doc. 61) is GRANTED, Plaintiff Andrew Busch's claims are DISMISSED WITH PREJUDICE, and judgment will be entered in favor of Defendant.

IT IS SO ORDERED this 16th day of May, 2014.

TIMOTHY L. BROOKS
U.S. DISTRICT JUDGE